# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MACBRIDE NIG. LIMITED (ADEBISI ADENARIWO),<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL MARITIME COMMISSION,<br><br>*Defendant.* | Civil Action No. 13-1201 (ESH) |

## MEMORANDUM OPINION

Plaintiff MacBride NIG Limited (Adebisi Adenariwo) filed a *pro se* lawsuit against the Federal Maritime Commission ("Commission") requesting judicial review of decisions made by a Commission Settlement Officer. (Compl., Aug. 2, 2013 [ECF No. 1], at 2.) Defendant now moves for dismissal. (Motion to Dismiss ("Mot."), Oct. 1, 2013 [ECF No. 5].) For the reasons stated below, defendant's motion will be granted.

## BACKGROUND

Under the Shipping Act of 1984, 46 U.S.C. §§ 40101 *et seq.*, the Federal Maritime Commission, an independent agency tasked with regulating international maritime commerce, is permitted to hear and adjudicate the claims of independent parties alleging violations of the statute. *See* 46 U.S.C. § 41301. Where the claimant requests less than $50,000, the parties may agree to have the claim decided by a Commission Settlement Officer through an informal adjudication process. 46 C.F.R. § 502.301(b). The decision reached by the Settlement Officer is considered a final order after thirty days unless the Commission exercises its "discretionary

right" to review. 46 C.F.R. § 502.304(g). Under the Hobbs Act, exclusive jurisdiction for the appeal of final orders by the Commission is vested in a federal court of appeals where venue is proper. 28 U.S.C. § 2342; *see also D. L. Piazza Co. v. W. Coast Line*, 119 F. Supp. 937, 939 (N.D. Ill. 1953) (holding that federal district court did not have subject matter jurisdiction for case brought under predecessor statute).

Pursuant to this statutory procedure, Mr. Adenariwo filed two claims with the Commission on behalf of his company, MacBride Nigerian Ltd., against BDP International Inc., Zim Integrated Shipping, and Zim's agent for shipping related disputes. (*See* Pltf.'s Exhibit, 4/18/2012 Settlement Officer Decision.) In order to avoid a lengthy and resource-intensive process, plaintiff chose to limit each claim to $50,000 and pursue informal adjudication before a Settlement Officer. (Compl. at 2.) On April 18, 2012, the Settlement Officer issued a decision dismissing one claim as time-barred (Docket Number 1920(I)) and ordering Mr. Adenariwo to demonstrate a valid assignment from his co-signee corporation, MacBride Nigerian Ltd., on the other claim (Docket Number 1921(I)). (*See* Pltf.'s Exhibit, 4/18/2012 Settlement Officer Decision.) After Mr. Adenariwo supplemented the record in Docket Number 1921(I), the Settlement Officer granted him reparations of $18,308.94 plus interest in a decision dated March 7, 2013. (*See* Pltf.'s Exhibit, *3*/7/2013 Settlement Officer Decision.) Within thirty days, however, the Commission exercised its right to review the Settlement Officer's decision on Docket Number 1921(I). (*See* Def.'s Ex. A, "Notice of Determination to Review".) This review is still pending.

## ANALYSIS

Defendant recognizes that a *pro se* plaintiff's pleadings are held to a less stringent standard. *Brown v. D.C.*, 514 F.3d 1279, 1283 (D.C. Cir. 2008). Nevertheless, defendant argues

that this case must be dismissed on three independent grounds: (1) the Court lacks subject matter jurisdiction under the Hobbs Act; (2) the Commission's decision on Docket 1921(I) is not yet final; and (3) plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the Court agrees that it lacks subject matter jurisdiction to hear the case and that the case is not yet ripe for review in federal court. Therefore, without reaching the merits, the case must be dismissed without prejudice.

First, under the explicit terms of the Hobbs Act "[t]he court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of all rules, regulations, or final orders of the Federal Maritime Commission issued pursuant to . . . 46 U.S.C. § 41304." 28 U.S.C. § 2342. Plaintiff does not challenge the applicability of this statute to his claims. To the contrary, he concedes this deficiency and requests that this Court "transfer the case to the Court of Appeal [sic] when appropriate in time." ("Motion to deny defendant's motion to dismiss plaintiff's complaint," [ECF No. 10], at 5.) However, this Court is only permitted to transfer a case to another district court. *See* 28 U.S.C. 1404(a). Absent subject matter jurisdiction, the Court has no choice but to dismiss the case. *See* Fed. R. Civ. P 12(b)(1).

Second, the Commission's decision is not yet ripe for review by a federal court because it is not yet a final order. *See Bennet v. Spear*, 520 U.S. 154, 177-78 (1997). The confusion on this point arises from the fact that the plaintiff brought two independent claims for informal adjudication by the Settlement Officer that were "procedurally consolidated" because "they involved substantially the same issues and parties." (*See* Pltf.'s Exhibit, 3/7/2013 Settlement Officer Decision on Reparations.) The first claim, Docket Number 1920(I), was dismissed and became final on March 22, 2013, when the Commission did not exercise its right to review the decision within thirty days under 46 C.F.R. § 502.304(g). (*See* Pltf.'s Exhibit, 3/7/2013

Settlement Officer Decision on Petition for Reconsideration.)  The time to appeal that decision expired prior to plaintiff's filing the present complaint on August 2, 2013.[1]  The second claim, Docket Number 1921(I) for which Mr. Adenariwo was awarded reparations of $18,308.94, is not yet a final order because the Commission is still reviewing the case.  The Hobbs Act only permits the review of "final orders" and therefore no federal court is able to review the case at this time.  *See Blue Ridge Envtl. Def. League v. Nuclear Regulatory Comm'n*, 668 F.3d 747, 753 (D.C. Cir. 2012) ("Finality under the Hobbs Act is to be narrowly construed[;] ... [a]n order is final if it imposes an obligation, denies a right, or fixes some legal relationship, usually at the consummation of an administrative process." (internal citations and quotation marks omitted)).

## CONCLUSION

For the foregoing jurisdictional reasons, defendant's Motion is granted.  A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   November 26, 2013

---

[1] Plaintiff had sixty days from March 22, 2013 to appeal Docket Number 1920(I) to the Court of Appeals.  Plaintiff did not bring such an appeal by May 22, 2013 as was required by 28 U.S.C. § 2344.  Instead, plaintiff filed the present complaint on August 2, 2013.